**Danny Royce MURPHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–99–00468–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 2002.

Rehearing Overruled Nov. 1, 2002.

Discretionary Review Refused April 2, 2003.

Danny Royce Murphy, La Marque, for Appellant.

B. Warren Goodson Jr., Asst. Dist. Atty., Michael J. Guarino, Crim. Dist. Attorney-Galveston County, Galveston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices JENNINGS* and WILSON.**

## OPINION ON REHEARING

DAVIE L. WILSON, Justice.

We overrule appellant's motion for rehearing but withdraw our previous opinion and substitute this one in its stead.

The trial court found appellant, Danny Royce Murphy, guilty of resisting arrest, search, or transportation. *See* TEX. PENAL

CODE ANN. § 38.03 (Vernon 1994). The trial court assessed punishment at 30 days in jail and a $1,000 fine. In this pro se appeal, we are asked whether (1) the visiting trial judge took the constitutionally required oaths, (2) appellant received adequate notice of the charge against him, (3) the secretary of state duly authenticated the applicable statute, and (4) the evidence was legally sufficient to support appellant's conviction. We affirm.

### Oath

In point of error one, appellant contends his conviction and sentence are void because the visiting trial judge, the Honorable Ronald L. Wilson, allegedly did not take the constitutionally required oath of an appointed officer before beginning his assignment. *See* TEX. CONST. art. XVI, § 1(c) (oath of office), (d) (anti-bribery oath). As a general rule, courts have jurisdiction of certain subject matter and/or persons, and judges have authority to act within that given jurisdiction. The failure to observe the distinction between the two has been a source of confusion. *See generally Davis v. State*, 956 S.W.2d 555, 558–59 (Tex.Crim.App.1997). The El Paso Court of Appeals has held that the constitution requires a visiting judge to take the required oaths to have the authority to act on a particular assignment. *Prieto Bail Bonds v. State*, 994 S.W.2d 316, 318–21 (Tex.App.-El Paso 1999, pet. ref'd). It further held that the actions taken by the judge in the case were without authority

---

* This appeal was submitted on October 17, 2000 to a panel consisting of Chief Justice Mike Schneider, Justice Davie L. Wilson, and Justice Eric Andell. Justice Andell, former Justice, Court of Appeals, First District of Texas at Houston, continued to participate by assignment. Justice Andell resigned his assignment from this Court to become Counsel to the United States Secretary of Education,

and Justice Andell was no longer eligible to participate. The Chief Justice of this Court appointed Justice Terry Jennings to participate in the decision.

** Justice Davie L. Wilson, who retired on March 31, 2002, continues to sit by assignment for the disposition of this case.

and therefore "without effect." *Id.* at 321.[1] Although appellant did not raise this issue in the trial court, a challenge to a trial judge's legal qualifications may be raised for the first time on appeal. *Wilson v. State,* 977 S.W.2d 379, 380 n. 3 (Tex.Crim. App.1998).[2] *But see* TEX.R.APP. P. 33.1(a) (general rule that error must be preserved in trial court).

■■■ However, it has long been a "cardinal rule" of appellate procedure in Texas that we "must indulge *every* presumption in favor of the regularity of the proceedings and documents" in the trial court. *McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Crim.App.1975) (emphasis added). The presumption of regularity is a judicial construct that requires a reviewing court, "absent *evidence* of impropriety," to indulge every presumption in favor of the regularity of the trial court's judgment. *Light v. State,* 15 S.W.3d 104, 107 (Tex. Crim.App.2000) (emphasis added). We have consistently upheld the "presumption of regularity of the judgment and the proceedings absent a showing to the contrary." *Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). The burden is on the defendant to overcome the presumption. *Id.*

■■■ We hold that the presumption of the regularity of trial court judgments and proceedings applies to appellate challenges of visiting trial court judges for alleged failures to take their constitutionally required oaths. We further hold that an appellant who makes such a challenge must make a prima facie showing that the trial judge did not take the required oaths before we will consider the issue on the merits.

■■■ Here, appellant failed to meet his burden to overcome the presumption. The record reveals that at no time during the trial court proceedings did appellant object to or challenge Judge Wilson's authority to hear his case. Nor did he present the issue by filing and having a hearing on a motion for new trial. Appellant merely, *without any proof in the record,* alleges that Judge Wilson did not take the required oath of office and the anti-bribery oath. He has presented no evidence of any impropriety to overcome the presumption of regularity.[3]

We overrule point of error one.

## Due Process

■■■ In point of error two, appellant claims he was denied due process because he was not provided with notice of the nature and cause of the charges against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). The information, however, alleges appellant "did then and there unlawfully and intentionally prevent and obstruct a peace officer, to-wit: TROOPER PAUL ADKINS, whom [appellant] knew to be a peace officer, from effecting an arrest, search, and trans-

---

1. The El Paso court noted that Prieto's complaints about the judge's lack of qualifications (non-taking of oaths) were properly raised at the trial level, and thus, the court did not consider whether the judge's acts were void or voidable.

2. The *Wilson* case dealt with a procedural irregularity in the assignment of a former judge and not a failure to qualify pursuant to the Texas Constitution as in the instant case. *Wilson,* 977 S.W.2d at 380.

3. In his motion for rehearing, appellant attached a document signed by Henry Cuellar, Secretary of State of Texas, regarding filings by Judge Wilson. We note that a lack of filing of any required oath is not proof, in itself, of the failure of the judge to take the constitutionally required oaths. Moreover, the document is not part of the appellate record.

portation of said [appellant], by using force against said peace officer, FIGHTING WITH TROOPER ADKINS." This language tracks the statutory language for the offense of resisting arrest, search, or transportation. *See* TEX. PENAL CODE ANN. § 38.03 (Vernon 1994). Subject to rare exceptions not applicable here, a charging instrument that tracks the language of the statute will satisfy constitutional and statutory notice requirements, and the State is not required to allege facts that are merely evidentiary in nature. *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998). Accordingly, we hold that appellant's due process claim is meritless.

We overrule point of error two.

### Authentication

In point of error three, appellant argues that the applicable Penal Code provision (section 38.03) has not been authenticated by the secretary of state, as required by Texas Constitution article III, section 43(a) ("The Legislature shall provide for revising, digesting and publishing the laws, civil and criminal ....") and article IV, section 21 ("He [the secretary of state] shall authenticate the publication of the laws....."). The legislature enacted section 38.03 in 1973 and amended it in 1991 and 1993. Act of May 24, 1973, 63d Leg., R.S., ch. 399, sec. 1, § 38.03, 1973 Tex. Gen. Laws 883, 950, *amended by* Act of May 19, 1991, 72d Leg., R.S., ch. 277, 1991 Tex. Gen. Laws 1185, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 38.03, 1993 Tex. Gen. Laws 3586, 3666. Each of these three sets of session laws contains the secretary of state's required certification. 1973 Tex. Gen. Laws II; 1991 Tex. Gen. Laws II;

1993 Tex. Gen. Laws II. There is no requirement that individual codes, like the Penal Code, be authenticated by the secretary of state.[4] Accordingly, we hold that appellant's lack-of-authentication claim is meritless.

We overrule point of error three.

### Legal Sufficiency

In point of error four, appellant contends the evidence is legally insufficient to support his conviction.

We review legal sufficiency by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Santellan v. State*, 939 S.W.2d 155, 160 (Tex.Crim.App.1997); *Bell v. State*, 26 S.W.3d 516, 521 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). If there is evidence that establishes guilt beyond a reasonable doubt and if the fact finder believes the evidence, we will not reverse the judgment for insufficient evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988); *Reece v. State*, 878 S.W.2d 320, 325 (Tex.App.-Houston [1st Dist.] 1994, no pet.). The jury is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of the witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986); *Reece*, 878 S.W.2d at 325. It is the jury's job to reconcile conflicts in the evidence. *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex.Crim.App.1995); *Bell*, 26 S.W.3d at 521. This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the

---

4. Other than the publication of the session laws, Texas does not publish an official set of its laws similar to the *United States Code*. For this reason, the secretary of state no longer certifies the contents of the unofficial annotated statutes and codes published by the West Group, commonly known as the "Black Statutes" due to their black binding. *See generally Texas v. West Publ'g Co.*, 882 F.2d 171 (5th Cir.1989).

testimony fairly, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct: at 2788–89; *Santellan,* 939 S.W.2d at 160; *Howley v. State,* 943 S.W.2d 152, 155 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

■ Two peace officers testified appellant struggled with them when they attempted to arrest him. This testimony alone is legally sufficient evidence on which to base appellant's conviction. *See Luxton v. State,* 941 S.W.2d 339, 340–41 (Tex.App.-Fort Worth 1997, no pet.).

We overrule point of error four.

We affirm the trial court's judgment.