**David Wayne SHAW, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–03–442–CR.**

Court of Appeals of Texas, Fort Worth.

Aug. 12, 2004.

Don Hase, Arlington, TX, for Appellant.

Tim Curry, Criminal District Atty., Sylvia Mandel, and Raquel (Rocky) C. Jones, Asst. Criminal District Attys., Fort Worth, TX, for Appellee.

Panel B: DAUPHINOT, GARDNER, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

The trial court convicted Appellant of failure to identify to a peace officer and sentenced him to 120 days' confinement and a $500 dollar fine. Appellant brings a single point on appeal, arguing that the trial court erred in denying his motion to

dismiss and objection to the trial court's jurisdiction because Section 38.02 of the Texas Penal Code violates Article IV, Section 21 of the Texas Constitution. Because we hold that the trial court did not err, we affirm the trial court's judgment.

On February 28, 2003, Appellant was a passenger in a car stopped by Officer Ferguson. Ferguson testified that he stopped the car because Appellant was holding a child that should have been in a seat belt or a car seat. When Ferguson asked Appellant for his name, Appellant replied that it was Jason Willett. Ferguson was unable to confirm the identification. After Officer Harris received consent to search the driver's purse, he found Appellant's wallet containing his driver's license in the purse and gave it to Ferguson. Ferguson then learned that there was a warrant for Appellant on a parole violation, and he arrested Appellant.

On April 28, 2003, Appellant was charged with the offense of failure to identify to a peace officer. On June 12, 2003, Appellant filed his pro se motion to dismiss on the ground that the court did not have jurisdiction. The trial court denied the motion on the same day. At trial, Appellant pled not guilty, waived a jury, was found guilty, and was sentenced to 120 days in the Tarrant County Jail.

Appellant argues that the statute providing the elements of failure to identify, section 38.02 of the Texas Penal Code, is unconstitutional.[1] He contends that although Article IV, Section 21 of the Texas Constitution requires the secretary of state to validate all laws,[2] the Texas Penal

---

1. *See* Act effective September 1, 1994, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3666 (amended 2003) (current version at TEX. PENAL CODE ANN. § 38.02 (Vernon Supp.2004)).

2. TEX. CONST. art. IV, § 21.

Code does not contain the required authentication from the secretary of state.

As the State points out, the statute in effect at the time of the offense was last amended in 1993,[3] when the entire Texas Penal Code was amended and reenacted. As the State also points out, the Amarillo Court of Appeals has addressed the authentication issue in a case transferred by this court.[4] In *Kent v. State*, the issue involved the driving while intoxicated statute.[5] The *Kent* court provided that the required authentication from the secretary of state appears "on page II of volume three of the Texas General and Special Laws enacted by the 73rd Legislature."[6] As the State has pointed out and we have confirmed, the statute in effect at the time of the offense before us also appears in that volume of session laws.[7]

Additionally, the First Court of Appeals addressed the authentication requirement in *Murphy v. State*.[8] As the *Murphy* court explained, other than the publication of session laws, Texas does not publish an official set of its laws similar to the United States Code.[9] Consequently, the secretary of state no longer certifies contents of the unofficial annotated statutes and codes published by the West Group, commonly known as "Black Statutes."[10] For this reason, the required certification appears not in the Black Statutes but in the session laws.[11] Further, there is no requirement that individual codes, such as the penal code, be separately authenticated by the secretary of state.[12]

Based on the above reasoning, we hold that the absence of the secretary of state's certification from the Texas Penal Code does not render section 38.02 unconstitutional. The trial court therefore properly denied Appellant's motion to dismiss and objection. Consequently, we overrule Appellant's sole point and affirm the trial court's judgment.

**3.** Act effective September 1, 1994, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3666 (amended 2003) (current version at TEX. PENAL CODE ANN. § 38.02).

**4.** *Kent v. State*, 982 S.W.2d 639 (Tex.App.-Amarillo 1998, pet. ref'd).

**5.** *See* TEX. PENAL CODE ANN. § 49.04.

**6.** 982 S.W.2d at 640.

**7.** Act effective September 1, 1994, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3666 (amended 2003) (current version at TEX. PENAL CODE ANN. § 38.02).

**8.** 95 S.W.3d 317 (Tex.App.-Houston [1st Dist] 2002, pet. ref'd).

**9.** *Id.* at 322 n. 4.

**10.** *Id.*

**11.** *Id.*

**12.** *Id.* at 321.