

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-264-CR

DONALD FRANKLIN CONNALY                                  APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

### FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Donald Franklin Connaly of aggravated sexual assault of a child and assessed his punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two points, Appellant contends (1) that the judgment and verdict are void because the senior district judge sitting by assignment allegedly had not been appointed

---

[1] *See* Tex. R. App. P. 47.4.

to sit in the trial court and had not taken the required oath and (2) that the trial court abused its discretion by admitting hearsay.  Because the trial court did not err, we affirm the trial court's judgment.

In his first point, Appellant, relying on *Lee v. State*,[2] argues that, although he did not object to the visiting senior judge's presiding over his trial, the judge's actions are, nonetheless, of no effect and should be deemed void, not just voidable, because there is nothing in the record to show that the judge was appointed or that he took the requisite oath.  The State, however, argues that the judge's actions are not void, but voidable.  When an action by the trial court is not void, but voidable, the complaint is preserved for appellate review only if it is raised by objection or other complaint in the trial court.[3]

Appellant cites no constitutional or statutory authority requiring a visiting judge's judicial oath or appointment confirmation to be included within the record of each and every trial over which the judge presides.  Nothing in the record indicates that the visiting senior judge did not take the oath or that he was not properly appointed.  The record, therefore, does not support a complaint that the trial judge did not take the oath and was not properly

---

[2] 555 S.W.2d 121, 124 (Tex. Crim. App. 1977).

[3] *Miller v. State*, 866 S.W.2d 243, 245–46 (Tex. Crim. App. 1993); *Lopez v. State*, 57 S.W.3d 625, 628 (Tex. App.—Corpus Christi 2001, pet. ref'd); *see Wilson v. State*, 977 S.W.2d 379, 379–80 (Tex. Crim. App. 1998).

appointed and could not, therefore, lawfully sit as the presiding judge over the trial. Appellant could easily have sustained his burden by objecting to the trial judge and making sufficient record at trial or by filing a motion for new trial and making the necessary record at that time. But as the record stands, there is no evidence that the trial judge did not take the necessary oaths and was not properly assigned to try the case now before this court.

Additionally, "the presumption of regularity of trial court judgments and proceedings applies to appellate challenges of visiting trial court judges for alleged failures to take their constitutionally required oath."[4] An appellant who makes a challenge to the lawfulness of a visiting trial judge's presiding over a trial must make a prima facie showing that the trial judge did not take the required oath before an appellate court will consider the issue on the merits.[5] The burden is on the moving party to overcome the presumption of regularity.[6] Because Appellant did not sustain this burden, we overrule his first point.

In his second point, Appellant challenges the admission of various items of evidence that he characterizes as hearsay. He complains of the stepmother's

---

[4] *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (op. on reh'g).

[5] *Id.*

[6] *Id.*

3

friend's written statement, the stepmother's testimony regarding a statement made to her by the complainant, the stepmother's written statement, the complainant's taped interview with a social worker, and a protective order issued from Hill County. But Appellant briefed only his complaint that additional outcry statements were inadmissible because of noncompliance with article 38.072 of the code of criminal procedure, relying on *Rodriguez v. State*.[7] That is, he complains that the child's stepmother's statements should not have been admitted because the stepmother's friend, not the stepmother, was listed on the State's outcry notice, and only one outcry witness is permitted.

The stepmother's testimony was not admitted as outcry evidence. Rather, it was admitted as a prior consistent statement. Additionally, at trial, Appellant objected to the child's stepmother's recitation of what the complainant told her only as hearsay. He did not complain when it was admitted that it was a second outcry, nor does he direct us to any place in the record where he lodged an objection that the stepmother's testimony constituted a second outcry. We overrule Appellant's complaint regarding the testimony of the child's stepmother.

---

[7] 819 S.W.2d 871, 872, 874 (Tex. Crim. App. 1991); *see also Long v. State*, 800 S.W.2d 545, 546 (Tex. Crim. App. 1990); *Beckley v. State*, 827 S.W.2d 74, 79 (Tex. App.—Fort Worth 1992, no pet.).

Appellant did not brief his other hearsay complaints. To the extent that he raised them only to show the degree of harm from what he considered to be the improper admission of a second outcry statement, we overrule them as moot. To the extent that he raised them as independent complaints, we overrule them as inadequately briefed.[8] We overrule Appellant's second point.

Having overruled both points, we affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 11, 2009

---

[8] *See* Tex. R. App. P. 38.1(i); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 1053 (2001); *Mosley v. State,* 983 S.W.2d 249, 256 (Tex. Crim. App. 1998).