

# NUMBER 13-11-00123-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHRISTIAN ELIJHALEE McMILLAN,**            **Appellant,**

**v.**

**THE STATE OF TEXAS,**            **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Rose Vela**

Appellant, Christian Elijhalee McMillan, pleaded guilty to four counts of aggravated sexual assault of a child, a first-degree felony (counts one through four), *see* TEX. PENAL CODE ANN. § 22.021(a), (e) (West Supp. 2011), and one count of aggravated kidnapping, a first-degree felony (count five). *See id.* § 20.04(a)(4), (c) (West 2011). A jury assessed punishment at seventy years' imprisonment for counts one and two, and fifty

years' imprisonment for counts three, four and five. The trial court ordered the sentences for counts one through four to run consecutively. By a single issue, appellant argues the search warrant used to search his home is void because the judge who signed the warrant, retired Judge Homer Salinas, did not take the required oath before signing the warrant. We affirm.

## I. BACKGROUND

The appellate record reflects Judge Homer Salinas[1] signed the search warrant pertaining to appellant's home on May 14, 2009. During the hearing on the motion to suppress the search warrant for appellant's home, Elsa Corina Hernandez testified on appellant's behalf that she is the current court coordinator for the Auxiliary Court in Hidalgo County, Texas and that she worked with Judge Salinas, who was the senior judge appointed to the Auxiliary Court. When defense counsel asked her, "And so his [Judge Salinas's] appointments come from month to month; is that correct?", she said, "Correct." When defense counsel asked her, "And . . . on or about May 14th, 2009, was he on a month-to-month appointment?", she said, "Yes." She testified Judge Salinas "has always been on a month-to-month appointment" and that "at the beginning of every month, . . . on May the 1st, for example, he [Judge Salinas] comes in and he begins a new appointment, . . . ." According to Hernandez, there was "no ceremony" or "process for his new appointment[.]" When defense counsel asked her, "If today were May the 1st, he'd walk in and simply say, "'Let me call the docket. Let's go[?]'", she said, "Yes."

Judge Salinas did not testify at the suppression hearing. The trial court denied the motion to suppress.

---

[1] We note that Judge Homer Salinas died on July 31, 2011.

## II. DISCUSSION

Appellant does not challenge Judge Salinas's appointment to the Auxiliary Court of Hidalgo County; rather, he challenges Judge Salinas's qualifications based upon an alleged failure to take the required oath before he presided over that court. Appellant complains "that retired Judge Salinas failed to take the required oath after being assigned [to the Auxiliary Court] thereby rendering the search warrant for appellant's home void."

The Texas Constitution requires elected and appointed state officials to take their respective oaths "before they enter upon the duties of their office." TEX. CONST. art. XVI, § 1(a),[2] (b).[3] The acts of a judge who has not taken the oath of office are void. *French v. State*, 572 S.W.2d 934, 939 (Tex. Crim. App. 1977) (op. on reh'g). Visiting judges must take an oath "before accepting an assignment as a visiting judge," but the statute does not specify that they must renew their oath before every assignment. *See* TEX. GOV'T CODE ANN. § 25.0017 (West 2004).

In *Hennington v. State*, after the court of appeals affirmed the defendant's murder conviction, the defendant filed a motion, asking the court to void its opinion and judgment because two of the justices who served on the panel that considered his appeal, Senior Justice Austin McCloud and Senior Justice Bob Dickenson, were not qualified to serve in accordance with the Texas Constitution. 144 S.W.3d 42, 43 (Tex. App.—Eastland 2004, pet. ref'd). He maintained the two senior justices were not qualified to consider his

---

[2] Article XVI, section 1(a) of the Texas Constitution provides: "All elected and appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation: . . . ." TEX. CONST. art. XVI § 1(a).

[3] Article XVI, section 1(b) of the Texas Constitution provides: "All elected or appointed officers, before taking the Oath or Affirmation of office prescribed by this section and entering upon the duties of office, shall subscribe to the following statement: . . . ." *Id.* XVI § 1(b),

3

appeal based on the "allegation that they had failed to comply with the oath requirements for 'appointed officers' . . . contained in Article XVI, section 1 of the Texas Constitution." *Id.*

In resolving this issue, the court stated, "we disagree with . . . [the defendant's] assertion that . . . [the two senior justices] were 'appointed' officials who were required to take and file additional oaths under the Texas Constitution." *Id.* The court stated:

> The oath requirements of Article XVI . . . of the Texas Constitution applied to newly appointed officers. . . . We conclude that a senior judge sitting by assignment is neither an appointed officer nor an officer occupying a new office. . . . [A] senior judge does not occupy a new office when he or she is assigned to serve. Instead, the senior judge continues to serve in the capacity he or she held prior to retirement. Article V, section 1-a of the Texas Constitution addresses the status of retired judges sitting by assignment. Article V, section 1-a(1) provides that "the Legislature shall provide for the retirement and compensation of Justices and Judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their *reassignment to active duty* where and when needed." Since a senior judge is "[reassigned] to active duty" whenever he or she is assigned to serve, he or she is not appointed to a new office.
>
> We believe that the oaths of office taken by a senior judge while serving on active duty satisfy the oath requirements of the Texas Constitution. Since Senior Justices McCloud and Dickenson properly took and filed the required oaths of office during their terms as active judges, they were constitutionally qualified to sit on the panel of this court which rendered the opinion and Judgment in . . . [defendant's] . . . appeal.

*Id.* at 45–46 (citations omitted, emphasis in original).

In the instant case, appellant does not contend that Judge Salinas, after being elected to the 92nd District Court of Hidalgo County, did not properly take and file the required oaths of office during his terms as an active judge. Accordingly, he was constitutionally qualified to preside over the Auxiliary Court of Hidalgo County when he

4

signed the search warrant for appellant's house. *See id.*

In addition, in *Murphy v. State*, 95 S.W.3d 317 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd), the court stated:

> [I]t has long been a "cardinal rule" of appellate procedure in Texas that we "must indulge *every* presumption in favor of the regularity of the proceedings and documents" in the trial court. The presumption of regularity is a judicial construct that requires a reviewing court, "absent *evidence* of impropriety," to indulge every presumption in favor of the regularity of the trial court's judgment. We have consistently upheld the "presumption of regularity of the judgment and the proceedings absent a showing to the contrary." The burden is on the defendant to overcome the presumption.
>
> We hold that the presumption of the regularity of trial court judgments and proceedings applies to appellate challenges of visiting trial court judges for alleged failure to take their constitutionally required oaths. We further hold that an appellant who makes such a challenge must make a prima facie showing that the trial judge did not take the required oaths before we will consider the issue on the merits.

*Id.* at 320 (citations omitted, emphasis in original).

In the instant case, appellant failed to make a prima facie showing that Judge Salinas did not take the required oath, and he has presented no evidence of any impropriety to overcome the presumption of regularity. Even though Hernandez testified there was no ceremony or process for Judge Salinas's new appointment each month, nothing in the record shows that prior to the time he signed the search warrant he did not, at some point, take the required oath before serving as the presiding judge of the Auxiliary Court. The record does not support a complaint that Judge Salinas did not take the oath and could not, therefore, lawfully sit as the presiding judge over the Auxiliary Court when he signed the search warrant. An allegation that Judge Salinas failed to take the required oath is insufficient to overcome the presumption of regularity. *See id.* We

5

overrule the sole issue for review.

### III. Conclusion

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
9th day of August, 2012.