# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

No. 13-60226
Summary Calendar

ADEGBENGA TITO IJADIMINI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A026 399 033

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Adegbenga Tito Ijadimini, a native and citizen of Nigeria, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). He was removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony based on his conviction for solicitation of capital murder. However, he does not address the BIA's determination that he is removable as an alien convicted of an aggravated felony. Accordingly, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60226

has abandoned any challenge to that determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ijadimini has failed to show that the BIA erred in concluding that the instant removal proceedings were not barred by the doctrine of res judicata. *See Andrade v. Gonzales*, 459 F.3d 538, 545 (5th Cir. 2006). Although earlier deportation proceedings were terminated on the Government's motion, the termination was without prejudice, and there was no final judgment on the merits of Ijadimini's deportability. *See id.* The fact that Ijadimini was recharged under a different statutory provision did not preclude the instant proceedings. *See Peters v. Ashcroft,* 383 F.3d 302 (5th Cir. 2004).

Likewise, the BIA did not err in determining that Ijadimini was ineligible for relief under former Immigration and Nationality Act § 212(c) because he was not eligible for that relief at the time of his conviction and sentencing. *See Romero-Rodriguez v. Gonzales*, 488 F.3d 672, 673-77 (5th Cir. 2007). Although Ijadimini argues that he was eligible for relief during the original 1997 deportation proceedings because he had not yet served five years of imprisonment, "there is nothing in the statute or the policies served by the statutory framework clearly contradicting the BIA's construction." *Id.* at 676-77.

Additionally, although Ijadimini argues that he was prevented from applying for § 212(c) relief as a result of various due process violations, § 212(c) relief is not a property or liberty interest warranting due process protection. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). Moreover, he has failed to make the initial showing of substantial prejudice necessary to prevail on any of his due process claims. *See De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

No. 13-60226

Finally, insofar as he argues that his state conviction was void on its face because the record did not reflect that the visiting trial judge filed the required oaths prior to his trial, "a lack of filing of any required oath is not proof, in itself, of the failure of the judge to take the constitutionally required oaths." *See Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App. 2002). Accordingly, the BIA's determination that Ijadimini had failed to make the required showing was not erroneous. *See id.*

The petition for review is DENIED. The motion for the appointment of counsel also is DENIED.