NO. 12-13-00175-GV

IN THE
COURT OF APPEALS
12th. COURT OF APPEALS DISTRICT
AT TYLER, TEXAS



FILED IN COURT OF APPEALS
12th Court of Appeals District

APR - 2015

CATHY S. LUSK, CLERK

---

GUY SPARKMAN, PLAINTIFF/ THIRD PARTY DEFENDANT
APPELLANT
VS.
Karen Phillips, Smith County Clerk, Intervener
Third Party, Plaintiff
And
Microsoft Corporation; Support Space, Inc. as agent for
Microsoft Corp.; Omar Franco, as agent for Microsoft Corp.
And Robert Doe, as agent for Microsoft Corp.
Defendants

APPELLEES

---

ON APPEAL FROM COUNTY COURT AT LAW NO 2
SMITH COUNTY, TEXAS
TRIAL CASE NO. 60, 671-A

---

APPELLANT'S MOTION FOR REHEARING
ON COURT'S MARCH 18, 2015 JUDGMENT

---

Guy Sparkman, Pro Se
420 Haden St.
Tyler, Texas 75701
No Phone
Email: gysparkman@yahoo.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................... ii, iii

POINTS FOR REHEARING

1.    There Court's Memorandum opinion and judgment demonstrate the Court has made a clear, manifest and substantial error of law; and , the error is of such importance to the jurisprudence of the state that, in the opinion of the supreme court, it requires correction.  **Re.   Texas Government  Code Title 2, Subtitle A.  Chapter 22  Subchapter A,   Section  22,001 (6)**

2. The Court's memorandum and judgment involves the constructions of a statute, ( a). Clearly, the Court has made a substantial error in its construction of **Tex. Civ. Prac.  & Rem   Code. 11.051 et seq..**  Therefore, it requires reconsideration and correction (b) The error of construction violated Appellants Equal Protection of the protected right to file lawsuits that may be unsuccessful.

3. The appeal involves fundamental constitutional issues. The Court's memorandum opinion and  Appellant's brief demonstrate the Court  violated  Appellant's Due Process and Equal Protection Rights.  Therefore, the memorandum opinion and judgment require   reconsideration and correction.

i

4. The memorandum opinion and judgment undermine the Public's faith, trust and confidence in the court's memorandum Opinions and judgments.

5. There Memorandum Opinion makes numerous erroneous statements of controlling and dispositive facts and law;

INTRODUCTION AND SUMMARY OF ARGUMENT................................2, 3.

ARGUMENT AND AUTHORITIES........................................................ 3-14

CONCLUSION AND PRAYER.........................................................14,15

CERTIFICATE OF SERVICE..............................................................15.

## TABLE OF AUTHORITIES

**Armstrong v. Manzo**
**380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 1191, 14 L. ed 2d 62, 66.....................14**

BE&K Const. Co. v. NLRB,
536 U.S. 516...........................................................................................9,11,12

**Creel v. District Attorney for Medina County,**
818 S. W. 2d 45, 46 (Tex 1919)..............................................................13

**Equitable Gen. Ins. Co. V. Yates**
**684 S. W. 2d 669, 671 (Tex. 1984) ........................................................13**

**Griffin V. Breckenridge,**
403 U.S. 88, 102 (1971)............................................................................3

**HAINES V. KERNER,**
**404 U.S. 519 (1972).................................................................................1**

**HUGHES V. ROWE**
449 U.S 5, 1980 (1980)............................................ 1.

**Jackson Walker, L.L.P,**
247 S. W 3d HN 35 ..........................................11

**Martin v. Martin, Martin & Richards, Inc.**
989 S. W. 2d 357, 359 (Tex. 1998..........................13

**Maty v. Grasselli Chemical Co.**
303 U.S. 197 (1938)......................................1

*Mine Workers v. Illinois Bar Assn.,*
*389 U. S. 217, 222 (1967)*..........................12

*Mullane v. Central Hanover Tr. Co.*
*339 U.S. 306, at 313"* ..........................15

*Murphy v. State*
95 S. W. 3d 317, 320 (Tex. App-Houston)......................4

**Olmsted v. United States**
277 U.S. 438 (1928)......................................1

**Sax V. Votteler, 648 S. W. 2d 661, 664**......................12

**Wilson v. State,**
977 S. W. 2d 379, 380 n. 3 (Tex. Crim. App 1998)......................4

**U.S. v. Throckmorton,**
98 U.S. 61 ..........................................4

# TO THE HONORABLE JUSTICES OF COURT OF APPEALS FOR THE 12TH DISTRICT OF TEXAS:

Appellant files this compelling Motion for Rehearing requesting rehearing reconsideration of the **Memorandum Opinion and Judgment** issued in this appeal. on March.18, 2015 and respectfully shows the Court as follows:

## PRO SE LITIGANTS

" A pros se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"

**HAINES V. KERNER, 404 U.S. 519 (1972),**

**HUGHES V. ROWE 449 U.S 5, 1980 (1980)**

" Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. "

**Maty v. Grasselli Chemical Co.** 303 U.S. 197 (1938)

Crime is contagious, If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy."

**Olmsted v. United States** 277 U.S. 438 (1928)

1.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Clearly , rehearing is appropriate in this important litigation involving fundamental and **inalienable constitutional rights** important to the **People of Texas**.

By this **Motion for Rehearing**, Appellant respectfully asks the Court to revisit its memorandum opinion and judgment. Rehearing is appropriate in this utmost important case involving **fundamental constitutional rights, privileges and immunities of the people of Texas**

## CLEARLY

The Court's Opinion and judgment requires correction through reconsideration. This case involves fundamental constitutional questions of the **utmost importance** to the people of Texas, especially persons who elect to exercise their right to effective and meaningful access to the courts without the assistance of a licensed attorney.

## THEREFORE

It is crucial that the **Court thoroughly and correctly** address each of the issues presented to the Court. Plainly the opinion **does not** address all of the **arguments**

2.

**and authorities presented by Appellant's brief.** This irrefutable fact violates

Plaintiff's fundamental and inalienable right to due process and equal protection

rights guaranteed and protected by the Constitution of the United States and the State

of Texas

Appellant respectfully moves for rehearing. By this Motion for Rehearing,

Appellant asks the Court to revisit its decision to affirm the Trial Courts judgment.

## VIOLATION OF EQUAL PROTECTION AND DUE PROCESS

Clearly. the memorandum opinion and judgment violates **Appellant's due process**

**and equal protection rights.** This denial of equal protection of the laws and

denial of due process was clearly the product of class based bias and prejudice

against **pro se litigants** . See **Griffin V. Breckenridge,** 403 U.S. 88, 102 (1971)

## ARGUMENT AND AUTHORITIES
## <u>JUDGE KNIZE'S AUTHORITY TO ACT AS TRIAL JUDGE</u>

<u>Order of Recusal</u> :

The Memorandum Opinion <u>**does not**</u> address the issue that **Judge Roger's Order**

**of Recusal was** based on a manifestly false and fraudulent statement of the

3.

controlling fact. Therefore, as a matter of law, the Order of Recusal was VOID

The memorandum opinion's **failure to address this controlling issue** violates

Appellant's due process right and the equal protection of the clearly established law

that: **FRAUD VITIATES EVERY THING IT TOUCHES. "even judgments"**

**Re ; U.S. v. Throckmorton, 98 U.S. 61**

## Oath of Office for Judge Sitting by Assignment

The law is clearly established that the issue of oath of office can be raised for the

first time on appeal. See *Murphy v. State* 95 S. W. 3d 317, 320 (Tex. App-Houston)

*" Although appellant did not raise this issue in the trial court, a challenge to a trial judges' legal qualifications may be raised the first time on appeal :* citing *Wilson v. State, 977 S. W. 2d 379, 380 n. 3 (Tex. Crim. App 1998)*

Appellant was not aware of the fact that Judge Knize had not been administered the

oath required by the Texas Constitution and the Texas Government Code . until he

began research for this appeal. The people of Texas have the right to assume their

public officials and judges to uphold the law.

**The Texas Government Code Sec. 25.0018 RECORD. states:**

4.

*"When a retired or former judge is appointed as a visiting judge, the clerk shall enter in the administrative file as a part of the proceedings in the case a record that gives the visiting judge's name and shows that:*

*(1) the judge of the court was disqualified, absent, or disabled to try the cause.*

*(2) the visiting judge was appointed; and*

*(3) the oath of office prescribed by law for a retired or former judge who is appointed as a visiting judge was duly administered to the visiting judge and filed with the regional judge."*

When appellant requested the clerk's office to see the administrative file, the deputy clerk and the clerk stated they <u>did not</u> have or maintain an administrative file.

## THE
## CLEARLY ESTABLISHED LAW

The law is clearly established that a litigant may raise this issue for the first time on appeal. SEE, Murphy v. State, supra

The citizens of Texas have not only the right; but, the duty to hold their public officials accountable for the blatant violations of their official duties and responsibilities imposed by law!

## <u>CONSTITUTIONALITY OF THE VEXATIOUS LITIGANT STATUTE</u>

Pages 16 thru 23 of **Appellant's Brief** are included herein by reference thereto as

5.

though they were repeated herein word for word. The authorities identified i n these pages must be considered in conjunction with the authorities cited in this document

## FIRST

**The statute is unconstitutional and manifestly void on its face or as applied to Appellant; because, by its terms it always operates unconstitutionally; because it significantly abridges and chills pro se litigant's fundamental right to petition the courts, even thought the petition may be unsuccessful.**

## FURTHERMORE

**(1) The memorandum opinion and judgment violate Appellant's due process rights; because, it does not address each of the arguments and authorities presented and relied on in Appellant's Brief.**

**(2)** The memorandum opinion violates **Appellant's Equal Protection rights;** Because, it does not give Appellant the benefit of the clearly established law as mandated by the Supreme Count and authorities cited on those pages.

**(3) Therefore, the judgement of the Court is VOID, as a matter of law.**

6.

**SECOND:**

The memorandum opinion states that Appellant does not have the right to file frivolous litigation.

**The issues in this appeal do not concern "frivolous litigation". Plainly, they concern the fundamental and protected right to petition the courts even though the litigation may be unsuccessful!** See, BE&K Const. Co. v. NLRB, 536 U.S. 516

**Therefore,** the memorandum's numerous statements that **"frivolous litigation"** is not protected litigation; and the briefing of frivolous litigation is patently **misleading, deceptive, irrelevant and not applicable to the dispositive issues before the court. I.e.,**

**" Moreover, as set forth previously, there is no constitutional right to file frivolous litigation. See Retzaff, 356 S. W. 3d at 704. Therefore we conclude that Chapter 11 is not overbroad because it does not include protected conduct within its prohibitions.".**

Ref. page 8 of memorandum opinion. **This misleads and deceives the court about the real issue.**

7.

# CIVIL PRACTICE AND REMEDIES CODE

## CHAPTER 11. VEXATIOUS LITIGANTS

**Sec. 11.054. CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT. A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:**

**(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:**

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Added by Acts 1997, 75th Leg., ch. 806, Sec. 1, eff. Sept. 1, 1997.

Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 1224 (S.B. 1630), Sec. 3, eff. September 1, 2013.

8.

# THE STATUTE PROHIBITS PROTECTED CONDUCT AND FUNDAMENTAL RIGHTS ON ITS FACE

Clearly, the statute ABRIDGES unsuccessful lawsuits that are protected by the Constitution of the United States and the State of Texas.

## THE ISSUE IS WHETHER THE PEOPLE OF THE UNITED STATES HAVE THE CONSTITUTIONALLY GUARANTEED RIGHT TO PETITION THE COURTS EVEN THOUGH THE LAWSUIT MAY BE UNSUCCESSFUL?

The First Amendment of Constitution of the United States says nothing about successful petitions.    See, BE&K Const. Co. v. NLRB, 536 U.S. 516

*"The First Amendment provides, in relevant part, that "Congress shall make no law ... abridging ... the right of the people ... to petition the Government for a redress of grievances." We have recognized this right to petition as one of "the most precious of the liberties safeguarded by the Bill of Rights," Mine Workers v. Illinois Bar Assn.,* **389 U. S. 217, 222 (1967), and have explained that the right is implied by "[t]he very idea of a government, republican in form," United States v. Cruikshank, 92 U. S. 542, 552 (1876). "**

## ADDITIONALLY

**"Second, even unsuccessful but reasonably based suits advance some First Amendment interests. Like successful suits, unsuccessful suits allow the " `public airing of disputed facts,' " Bill Johnson's, supra, at 743 (quoting Balmer, Sham Litigation and the Antitrust Law, 29 Buffalo L. Rev. 39, 60 (1980)), and**

**raise matters of public concern. They also promote the evolution of the law by supporting the development of legal theories that may not gain acceptance the first time around. Moreover, the ability to lawfully prosecute even unsuccessful suits adds legitimacy to the court system as a designated alternative to force. See Andrews, A Right of Access to Court Under the Petition Clause of the First Amendment: Defining the Right, 60 Ohio St. L. J. 557, 656 (1999) (noting the potential for avoiding violence by the filing of unsuccessful claims)"**

9.

The Supreme Court has mandated that the right to petition the courts, includes the right to file unsuccessful lawsuits!!

HOWEVER

Texas Civil Practices and Remedies Code Texas Civil Practices Chapter 11 states in relevant and controlling part:

*"Sec. 11.054 CRITERIA FOR FINDING A PLAINTIFF A VEXATIOUS LITIGANT. A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:*

*(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commence, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been :*
*A. finally determine adversely to the plaintiff. "*

**Sec. 11.001 DEFINITIONS.**

*(5) "Plaintiff" means an individual who commences or maintains a litigation pro se"*

**Sec. 11.002 APPLICABILITY. (A) This chapter does not apply to an attorney licensed to practice law in this state unless the attorney proceeds pro se. "**

Plainly, honest, reasonable and unbiased persons trained in the law can see that the foregoing provisions of the statute violate the **First Amendment rights** as determined by the **Supreme Court of the United States; therefore, void on**

their face and as applied to Appellant.

**Equal Protection- Discrimination Against Pro Se Litigants**

**The memorandum opinion states :**

*"We next consider Sparkman's general contention that Chapter 11 discriminates against pro se litigants. In so doing, we first note that the statute does not state it applies only to pro se litigants "*

The statute demonstrates that this a **manifestly erroneous statement of a**

**material and controlling fact**    Therefore the Court should reconsider the

holding.

*"Under the 14ᵗʰ Amendment of the U.S. Constitution and Texas Constitution art 1, §3, all person similarly situated should be treated alike. The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally to a legitimate state interest, unless the statute discriminates against a suspect class." Jackson Walker, L.L.P, 247 S. W 3d HN 35*

## STRICT SCRUTINY

The law is clearly established that the  courts must apply strict scrutiny when a

**fundamental constitutional right** is infringed, particularly those found in the **Bill of**

**Rights** and those the **Supreme Court** has deemed a fundamental right protected by

the **Due Process Clause or the Liberty Clause of the 14ᵗʰ Amendment.**

In **BE&K Construction Co v. NLRB** , 536 U.S. 516 (2001) the Supreme Court

held:

11.

*"The First Amendment provides, in relevant part, that "Congress shall make no law ... abridging ... the right of the people ... to petition the Government for a redress of grievances." We have recognized this right to petition as one of "the most precious of the liberties safeguarded by the Bill of Rights," Mine Workers v. Illinois Bar Assn.,* 389 U. S. 217, 222 (1967), *and have explained that the right is implied by "[t]he very idea of a government, republican in form," United States v. Cruikshank, 92 U. S. 542, 552 (1876). "*

This court **did not** apply strict scrutiny in its evaluation of the constitutionality of

**Tex. Civ. Prac. & Rem. Code 11. 051 et seq**. Therefore, the Court have violated

Appellant's Due Process and Equal Protection Rights. **Consequently the**

**memorandum opinion and judgment are void as a matter of law.**

## INESCAPABLE CONCLUSION

The memorandum opinion and judgment are unconstitutional and therefore void;

because, the Court violated Appellants **Due Process and Equal Protection rights.**

### Unconstitutionally Vague or Overbroad:

The memorandum opinion states: **"Therefore, we conclude that Chapter 11 is not**

**overbroad because it does not include protected conduct within it prohibitions. "**

This is a manifestly erroneous and arbitrary conclusion.

The law is clearly established that filing unsuccessful lawsuits is protected conduct.

See, **BE&K Const. Co. v. NLRB**, 536 U.S. 516

### Arbitrary

The memorandum cites as authority **Sax V. Votteler, 648 S. W. 2d 661, 664**

**(Tex. 1983). Sax holds:** 12.

*"HN 6. Texas Const. Art. 1 § 13 ensures that Texas citizens bringing common law causes of action will not be unreasonably be denied access to the court."*

*"HN7. A statute or ordinance that unreasonably abridges a justicable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process under Tex. Const. art. 1 § 13, and is, therefore, void."*

## INDIGENCY FINDINGS

*The memorandum states: "Despite Sparkman's assertion the record reflects that Phillips filed a contest to the affidavit."* The trial court's *"Case Summary"* demonstrates this to be an erroneous statement of the controlling fact . **Exhibit A.**

**A contest of the affidavit must filed before the first hearing by the trial court.**

*"An uncontested affidavit of inability to pay is conclusive as a matter of law."*

**Equitable Gen. Ins. Co. V. Yates   684 S. W. 2d 669, 671 (Tex. 1984)**

## FAILURE TO CONDUCT HEARING ON MOTION TO DISMISS

The Court's finding on this issue is clearly and manifestly misleading, deceptive and erroneous. **The Court erroneously relies on Martin v. Martin, Martin & Richards, Inc.** 989 S. W. 2d 357, 359 (Tex. 1998. That case is not relevant or applicable to the facts and issues in this case. Furthermore, **The Court reversed that case!**

The Court  failed to consider the controlling case cited by the Appellant:

**Creel v. District Attorney for Medina County**, 818 S. W. 2d 45, 46 (Tex 1919).

13

The Texas Supreme Court in **Creel** Stated:

*"The dispositive issue in this case is whether it was a denial of due process for the trial court to summarily dismiss Creel's petition absent either notice or a hearing. HN2 Fundamental requirements of due process demand an opportunity to be heard. Armstrong v. Manzo 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 1191, 14 L. ed 2d 62, 66."*

The Supreme Court in **Armstrong v. Manzo** held:

*" Many controversies have been raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require thatt deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case" Mullane v. Central Hanover Tr. Co. 339 U.S. 306, at 313"*

**It is well settled that lawsuits are property.**

**Therefore, the Court's decision on this issue violated Appellant's Due Process and Equal Protections rights. Therefore, the ruling is void as a matter of law.**

## CONCLUSION AND PRAYER

Appellant respectfully requests the Court grant this **Motion for Reconsideration** and reverse the trial Court decision.

For all the foregoing compelling reasons and in the interest of the **Constitution, Due Process and Equal Protection** rehearing and reconsideration is warranted and necessary for the validity of the Court's judgment and the Public faith, trust and confidence in the judiciary, the judicial processes and the administration of

14

justice in Smith County, Texas

Respectfully submitted

Guy Sparkman
420 Haden St.
Tyler. Texas 75701
No phone
Email: gysparkman @yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015  I hand delivered a true copy of this Motion For Rehearing to the office of the attorney for the Defendant.

Guy Sparkman

**15**

*Exhibit A*

| | | |
|---|---|---|
| GUY SPARKMAN vs. MICROSOFT CORPORATION; SUPPORTSPACE, IN. AS AGENT FOR MICROSOFT CORP.; OMAR FRANCO, AS AGENT FOR MICROSOFT CORP. AND ROBERT DOE, AS AGENT FOR MICROSOFT CORP. | § § § § § | Location: **County Court at Law 2**<br>Judicial Officer: **Rogers, Randall L**<br>Filed on: **03/20/2012**<br>Track Number: **251578** |

## CASE INFORMATION

**Statistical Closures**
05/08/2013   Case Dismissed by Plaintiff (OCA)

Case Type: **Contract - Other**

Case Status:
**05/08/2013   Disposed**
03/20/2012   Filed

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 60,671-A |
| Court | County Court at Law 2 |
| Date Assigned | 03/20/2012 |
| Judicial Officer | Rogers, Randall L |

## PARTY INFORMATION

*Lead Attorneys*

**Plaintiff**   SPARKMAN, GUY

**Pro Se**
*420 HADEN STREET*
*TYLER, TX 75701*

**Defendant**   MICROSOFT CORPORATION

**AINSWORTH, JENNIFER P.**
*Retained*
*903-509-5091(F)*
*903-509-5000(W)*
*909 ESE LOOP 323, SUITE 400*
*P.O. BOX 7339*
*TYLER, TX 75711*
JAINSWORTH@WILSONLAWFIRM.COM

**OMAR FRANCO AS AGENT FOR MICROSOFT CORP**

**ROBERT DOE, AS AGENT FOR MICROSOFT CORP**

**SUPPORTSPACE, INC.**

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

### EVENTS

| | |
|---|---|
| 03/20/2012 | Jury Trial Request |
| 03/20/2012 | Original Petition (OCA) |
| 03/20/2012 | Civil Case Information Sheet |
| 03/20/2012 | Affidavit |
| 04/05/2012 | Affidavit |
| 04/09/2012 | Memorandum |
| 04/18/2012 | |



TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

*Printed on 03/31/2015 at 12:30 PM*

|   |   |
|---|---|
|   | Request |
| 04/20/2012 | Memorandum |
| 06/05/2012 | Citation Issued by Certified Mail |
| 06/15/2012 | Green Card Returned |
| 06/18/2012 | Motion to Dismiss |
| 06/20/2012 | RESPONSE |
| 06/20/2012 | Order of Recusal |
| 06/21/2012 | Motion |
| 06/21/2012 | RESPONSE |
| 06/25/2012 | Motion |
| 06/27/2012 | Plea |
| 06/29/2012 | Original Answer |
| 07/17/2012 | Order |
| 09/14/2012 | Notice |
| 09/14/2012 | Correspondence |
| 09/17/2012 | Motion |
| 09/20/2012 | Docket Sheet |
| 09/24/2012 | Transfer Sent |
| 09/25/2012 | Response |
| 09/27/2012 | Motion |
| 10/02/2012 | RESPONSE |
| 10/05/2012 | Motion To Strike |
| 11/13/2012 | Motion |
| 11/15/2012 | Notice of Setting |
| 01/03/2013 | Response |
| 01/14/2013 | Brief |
| 01/14/2013 | Memorandum |
| 01/15/2013 | Brief |
| 01/16/2013 | Motion To Strike |
| 01/18/2013 | Request |
| 01/22/2013 | Supplement |
| 02/14/2013 | Order Denying |
| 02/14/2013 | Order |
| 02/14/2013 | Order Denying |
| 02/22/2013 | Certified Copy |



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SMITH COUNTY
CLERK'S OFFICE

*Printed on 03/31/2015 at 12:30 PM*

| | |
|---|---|
| 02/25/2013 | Request for Findings of Fact and Conclusions of Law |
| 02/26/2013 | Request for Findings of Fact and Conclusions of Law |
| 03/04/2013 | Motion to Withdraw |
| 03/04/2013 | Notice of Submission |
| 03/28/2013 | Supplemental Petition |
| 04/02/2013 | Motion to Dismiss |
| 04/08/2013 | RESPONSE |
| 04/11/2013 | Letter |
| 04/26/2013 | Receipt |
| 04/29/2013 | Miscellaneous |
| 05/08/2013 | EVENT |
| 05/08/2013 | Case Disposed |
| 05/09/2013 | Docket Sheet |
| 05/30/2013 | Notice of Appeal |
| 05/31/2013 | Designation |
| 06/05/2013 | Letter |
| 06/10/2013 | Miscellaneous |
| 07/17/2013 | Correspondence |
| 08/07/2013 | Correspondence |
| 08/09/2013 | Correspondence |
| 08/27/2013 | Correspondence |
| 03/19/2015 | Correspondence |

## HEARINGS

| | |
|---|---|
| 01/08/2013 | **All Pending Motions** (10:00 AM) (Judicial Officer: Rogers, Randall L) |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff SPARKMAN, GUY**
Total Charges                                                           315.00
Total Payments and Credits                                       0.00
**Balance Due as of 3/31/2015**                          **315.00**


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN SMITH COUNTY
CLERK'S OFFICE

## <u>CERTIFICATION OF CIVIL PROCEEDINGS</u>

THE STATE OF TEXAS

COUNTY OF SMITH

I, <u>**KAREN PHILLIPS**</u>, CLERK OF THE COUNTY COURT AT LAW 2 OF SMITH COUNTY, TEXAS, DO HEREBY CERTIFY THAT THE FOREGOING ARE TRUE AND CORRECT COPIES OF THE FOLLOWING LISTED CIVIL PROCEEDINGS TO –WIT:

CASE SUMMARY

STYLED: **GUY SPARKMAN VS. MICROSOFT CORPORATION; SUPPORTSPACE, IN. AS AGENT FOR MICROSOFT CORP.; OMAR FRANCO, AS AGENT FOR MICROSOFT CORP. AND ROBERT DOE, AS AGENT FOR MICROSOFT CORP.**

FILED IN **COUNTY COURT AT LAW 2,** CAUSE NO. **60,671-A,** SMITH COUNTY, TEXAS, AS THE SAME APPEARS FROM THE ORIGINALS NOW ON FILE IN THE <u>CIVIL DEPARTMENT SMITH COUNTY CLERK'S OFFICE, SMITH COUNTY, TEXAS.</u>

GIVEN UNDER MY HAND AND SEAL OF OFFICE THE **31ST DAY OF MARCH, 2015**.

Karen Phillips, County Clerk
Smith County, Texas

By: _____
Annette Holmes, Deputy

