# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2022

Lyle W. Cayce
Clerk

No. 20-50885
Summary Calendar

DAVID ROY HUTCHINGS,

*Plaintiff—Appellant*,

*versus*

COUNTY OF LLANO, TEXAS; LLANO COUNTY SHERIFF'S
OFFICE; 424TH JUDICIAL DISTRICT COURT, LLANO COUNTY,
TEXAS; LLANO CENTRAL APPRAISAL DISTRICT; LLANO COUNTY
TAX ASSESSOR/COLLECTOR; LLANO INDEPENDENT SCHOOL
DISTRICT; LLANO COUNTY EMERGENCY SERVICES; RON
CUNNINGHAM, *Llano County Judge*; JUDGE EVAN STUBBS, *Llano
County*; BILL BLACKBURN, *Sheriff of the Llano County Sheriff's Office*;
SCOTT DUDLEY, *Llano Central Appraisal District*; KRIS FOGELBERG,
*Officer in the Llano County Tax Assessor/Collector's Office*; MAC
EDWARDS, *Officer/Superintendent of the Llano ISD*; GILBERT
BENNETT, *Officer of Llano County Emergency Services*; JOYCE GILLOW,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-308

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

Per Curiam:*

David Roy Hutchings filed a civil lawsuit alleging that taxes were illegally assessed on his property and that his property was then illegally seized through a state court proceeding after he failed to pay the taxes. The district court dismissed the action for lack of subject matter jurisdiction. On appeal, Hutchings argues that the district court erred in finding his claims barred by the Tax Injunction Act, 28 U.S.C. § 1341; the *Rooker-Feldman* doctrine; and judicial immunity. In addition, Hutchings argues that the district court erred in granting a motion to stay discovery.

The Tax Injunction Act bars the district court from considering Hutchings' claims because the Act applies to municipal as well as state taxes, and Texas courts are more than capable of adjudicating his claims. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 n.6 (5th Cir. 1998); *McQueen v. Bullock*, 907 F.2d 1544, 1547 (5th Cir. 1990). As for the *Rooker-Feldman* doctrine, Hutchings argues that the state court proceedings were void *ab initio* and, therefore, the doctrine does not apply. While our sister circuits disagree on whether there is an exception to *Rooker-Feldman* for void proceedings, we have neither recognized nor rejected that exception. *See Nunu v. Texas*, 2022 WL 820744, at *2 (5th Cir. Mar. 17, 2022). We again decline to pass on the matter here as, even if such an exception exists, it has only been applied in the bankruptcy context. *Id.* Because Hutchings' claims do not arise in that context, *Rooker-Feldman* applies.

Next, Hutchings's argument that the presiding state judge was not entitled to judicial immunity because he acted in the complete absence of jurisdiction by failing to take an oath of office swearing or affirming that he

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

would defend the United States Constitution falls flat. Hutchings admitted before the district court that the judge in question "did in fact timely sign and file the Oath and Statement required by the Texas Constitution," but he pressed that the judge did not take the oath required by Article VI of the United States Constitution. That is a distinction without a difference. The United States Constitution requires that officers, including the judge at issue here, "be bound by Oath or Affirmation, to support this Constitution." U.S. CONST. art VI § 3. The Texas Constitution requires that same judge to swear an oath to, inter alia, "preserve, protect, and defend the Constitution and laws of the United States." TEX. CONST. art. XVI § 1(a). By swearing the oath required by the Texas Constitution, the judge swore the oath required by the United States Constitution. Thus, Hutchings has failed to show that the presiding judge was acting in the complete absence of jurisdiction, and judicial immunity applies. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *see Thomas v. Burkhalter*, 90 S.W.3d 425, 427 (Tex. App. 2002); *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App. 2002); *see also Ijadimini v. Holder*, 550 F. App'x 250, 251 (5th Cir. 2013).

Finally, we can discern no abuse of discretion in the district court's decision to grant a motion to stay discovery. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.