NO. 07-02-0301-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 14, 2002
_____

DAN THOMAS,

Appellant

v.

RANDY BURKHALTER AND C. JOHNSON,

Appellees
_____

FROM THE COUNTY COURT AT LAW OF POLK COUNTY;

NO. CV01945; HON. STEPHEN PHILLIPS, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[*]

Appellant Dan Thomas (Thomas) appeals from the trial court's dismissal of his lawsuit against Randy Burkhalter (Burkhalter) and C. Johnson (Johnson). Thomas asserts, by way of two issues, that 1) the trial court lacked jurisdiction over his suit because the judge had failed to take the constitutional oath of office, and 2) "the house bill #1343, that enacted into law . . . 'inmate litigation' is void due to it's [sic] authors and

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

sponsor[] legislators failure to comply with the provision of the Texas Constitution, Article:16, Section 1, as amended." We affirm.

## Background

On October 27, 2000, prison inmate Thomas filed suit *pro se* and *in forma pauperis* alleging that Burkhalter and Johnson, officers employed by the Texas Department of Criminal Justice, wrongfully deprived him of his property, specifically "a lock and key." Thus, Thomas sued for negligence, conversion, detinue, replevin, and bailment in the Justice of the Peace Court in Polk County, Texas. The trial court dismissed the petition for failing to obtain the State's permission to file suit. Thomas, then, appealed to the County Court at Law of Polk County, which was dismissed by that court based on the failure of Thomas' pleadings to meet the requirements set out in §14.001 of the Texas Civil Practice and Remedies Code. A motion for new trial was filed by Thomas wherein he alleged the identical grounds he now submits on appeal.

## Issues One and Two - Proof of Oath of Office

Through his two issues, Thomas contends that the trial judge had failed to take the various constitutionally required oaths of office and file written proof that same were taken with the Secretary of State. So too does he allege that the statute upon which the trial court relied in dismissing his suit as frivolous, §§14.004 and 14.006(F) of the Texas Civil Practice and Remedies Code, was allegedly void because the legislative members who "authored and sponsored" it "failed to take or retake their oaths and file their bribery oath . . . with the Secretary of State in 1995." Thus, according to Thomas, the trial court did not

2

have the capacity to "act as a court" and dismiss the suit. Nor could it dismiss the proceeding via authority granted by a void act. We disagree and overrule the issue.

Assuming *arguendo* that the failure to take the oath of office or "bribery oath" somehow divests both a judge and legislator with power to act, there exists no evidence of record which illustrates that such oaths were not taken or filed with the Secretary of State. Nor can the missing evidence be supplied through our taking "judicial notice" of the records of the Secretary of State, as Thomas would have us do. First, authority prohibits us from taking judicial notice of the contents of records filed with sister courts without proof of those records. *Richards v. Commission for Lawyer Discipline*, 35 S.W.3d 243, 251 (Tex. App.–Houston [14th Dist.] 2000, no pet.). Thus, by analogy, we cannot take judicial notice of the contents of records filed with an administrative agency operating under a distinct branch of government without proof of those records. And, Thomas did not provide that proof.

Furthermore, assuming that the oaths were not filed, that does not establish that they were not taken. Conceivably, they could have been taken and not filed. So, even if we were to judicially notice the contents of the Secretary's records and discovered no oaths, their absence does not prove they were never taken. And, most importantly, simply failing to file an oath that has been taken does not deprive the official of his authority. *Soderman v. State*, 915 S.W.2d 605, 611-12 (Tex. App.–Houston [14th Dist.] 1996, writ ref'd).

Finding no evidence of record to support Thomas' contentions, we affirm the judgment entered below.

3

Brian Quinn
Justice

Publish.