**In re Johnnie TASBY.**

No. 06–03–00125–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 20, 2003.

Decided Oct. 21, 2003.

Johnnie Tasby, Iowa Park, for appellant.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Relator, Johnnie Tasby, has filed a petition for writ of mandamus praying that this Court order the Honorable Bill Peek of the 202nd Judicial District Court of Bowie County to pronounce sentence on him, under a conviction had on March 4, 1982. In his petition, Tasby argues Judge Peek has the legal duty to hear and proceed to judgment on his "Amended or Second Nunc Pro Tunc Motion" to perform the final pronouncement of judgment and sentence. We deny Tasby's petition.

On March 4, 1982, a jury convicted Tasby of aggravated robbery and imposed an enhanced sentence of life in prison. Honorable Guy E. Jones presided over the court at the time. Judge Jones' authority to pronounce sentence against Tasby forms the basis of Tasby's petition. He argues Judge Jones had not filed with the Texas Secretary of State the anti-bribery oath, as required by the Texas Constitution. *See* TEX. CONST. art. XVI, § 1. Therefore, argues Tasby, Judge Peek, currently presiding over the 202nd Judicial District Court, must rule on Tasby's motion and proceed to pronounce sentence against Tasby.

This Court will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely "ministerial" and that relator has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim. App.2003). To satisfy the "ministerial act" requirement, the relator must show "a clear right to the relief sought," meaning that the relief sought must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment." *Id.* Mandamus does not lie to correct a trial court's ruling on an unsettled or uncertain question of law. *Id.* A writ of mandamus will issue only to correct an abuse of discretion for which the appellate remedy is inadequate. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992).

Initially, we note that the current oath required under Article XVI was amended in 1989. Tasby provides documentation from the Secretary of State that the oath required by amended Article XVI was filed on October 9, 2000. Tasby's argument fails, and this document offers us no relevant evidence because Tasby was convicted in 1982, well before the amended anti-bribery oath was required to be filed with the Secretary of State. We have no

evidence before us of which oaths were or were not taken or filed by Judge Jones as of March 4, 1982.

 Further, even if Tasby had produced evidence of Judge Jones' failure to file an oath as required at the time of Tasby's conviction, we would need more evidence to hold that the judge was without authority to act. Our sister courts have held that the failure to show that an oath was not filed does not establish that the oath was not taken. *Thomas v. Burkhalter*, 90 S.W.3d 425, 427 (Tex. App.-Amarillo 2002, pet. denied); *Soderman v. State*, 915 S.W.2d 605, 611–12 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd, untimely filed). It is the latter inquiry, concerning the taking of the oath, that determines whether the judge was acting without authority. *See Thomas*, 90 S.W.3d at 427; *Soderman*, 915 S.W.2d at 611–12. Failing to file an oath of office does not, alone, deprive the judge of the authority to act. *See Thomas*, 90 S.W.3d at 427. So, had the document from the Secretary of State addressed the oath required of Judge Jones as of March 4, 1982, it alone still would be insufficient evidence on which to grant the relief Tasby seeks.

For the foregoing reasons, we will not issue a writ of mandamus to compel Judge Peek to rule on Tasby's "Second or Amended Nunc Pro Tunc Motion" and proceed to pronounce judgment against him. Tasby has not established a clear right to such relief. We have no evidence before us that would lead us to conclude sentence was not properly pronounced by Judge Jones on March 4, 1982. Accordingly, we deny Tasby's petition for writ of mandamus.