IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00141-CV

 

Michael Francis Treis,

                                                                                    Appellant

 v.

 

Tonia Swalberg,

                                                                                    Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 70534

 



MEMORANDUM  Opinion



 

            Michael Francis Treis sued Tonia Swalberg for injuries arising from
an automobile collision.  During voir dire, Treis continually interrupted his
trial counsel, fired his counsel, and requested a mistrial, which was denied. 
When Treis’s disruptive behavior continued, the trial judge dismissed the case
on grounds that Treis’s misconduct had prejudiced his case.  On appeal, Treis,
acting pro se, argues that the trial judge’s oath of office is void and that the
judge should have recused himself.  We affirm.

OATH OF OFFICE

 

Treis contends that the trial judge failed to
comply with the oath of office requirements of article 16, section 1, subsection
(b) of the Texas Constitution, which requires all elected or appointed officers
to take an anti-bribery oath.[1]  See
Tex. Const. art XVI, § 1(b).  Attached to Treis’s brief are copies of the trial
judge’s oaths filed with the County Clerk.  Treis contends that these oaths are
incomplete and void because they do not include the anti-bribery oath.[2]

However, the anti-bribery oath prescribed by the
Texas Constitution must be filed with the Secretary of State.  See Tex. Const. art XVI, § 1(c).  Treis has
provided no evidence demonstrating that the trial judge neither took nor filed
the anti-bribery oath.  See Thomas
v. Burkhalter, 90 S.W.3d 425,
426 (Tex. App.—Amarillo 2002, pet. denied) (the record contained no evidence demonstrating
“that such oaths were not taken or filed with the Secretary of State” and the
“missing evidence [cannot] be supplied through our taking ‘judicial notice’ of
the records of the Secretary of State”).  Even assuming
that the oath was not filed does not establish that it was never taken or is
void.  See id. at 427 (absence of oaths does not establish
that they were never taken); see also In re GE Capital Corp.,
63 S.W.3d 568, 571 (Tex. App.—El Paso 2001, no pet.) (anti-bribery oath is not void simply because it was
not filed).  Accordingly, we overrule Treis’s contention that the trial judge’s
oath of office is void.

RECUSAL

            Treis filed a motion to recuse under
Rule 18b(2)(b) on grounds that he had actively campaigned for the trial judge’s
opponent in the previous election and had protested at the judge’s various
speaking engagements.  See Tex. R. Civ. P.
18b(2)(b) (“A judge shall recuse
himself in any proceeding in which…he has a personal bias or prejudice
concerning the subject matter or a party”).  The trial judge declined to recuse
himself.  The Administrative Judge assigned another district judge to hear the
motion to recuse.

At the hearing on the motion to recuse, Treis
testified that he actively campaigned for the trial judge’s opponent in the
previous election.  He carried signs at several different locations, hoping
that the trial judge would see the signs and reconsider his stance on giving
probation to defendants charged with serious crimes.  Tries did not believe
that the trial judge could be “totally fair and equitable,” given Treis’s “open
protest to the Judge’s rulings.”  The assigned judge asked whether the trial
judge had responded to the signs, said anything about the signs, or indicated
his feelings about the signs.  Treis responded that one of the district
attorneys, not the trial judge, said something to him about it.  Absent
“evidence concerning any opinions, any actions, or any speech by the Judge,” the
assigned judge denied Treis’s motion.  Treis challenges the trial judge’s
failure to recuse himself.[3]  We construe this argument as a challenge to the
denial of his motion to recuse, which we review for abuse of discretion.  See Tex. R. Civ. P. 18a(f).

Other than his own subjective testimony, Treis has
presented no evidence demonstrating any impartiality, personal bias, or
prejudice on the part of the trial judge.  He improperly assumes that the trial
judge is prejudiced and cannot be impartial.  See Woodruff v. Wright, 51 S.W.3d 727, 738 (Tex. App.—Texarkana 2001,
pet. denied) (“recusal is
not required merely because the trial judge knows the defendant, or even because the defendant (who
was for some time the only heart surgeon in this region) performed surgery on a
family member of the judge”); see also In the Interest of J.E.L.,
No. 09-98-457 CV, 1999 Tex. App. Lexis 5237, at *18-19 (Tex.
App.—Beaumont July 15, 1999, no pet.) (not designated for publication) (“Other than appellant’s bare assertions of a
lack of impartiality,
which are not supported by any facts, there is no evidence in the record
indicating the trial judge was impartial”).  Accordingly, we cannot say that the
assigned judge abused his discretion by denying Treis’s motion to recuse the
trial judge.  We overrule Treis’s complaint that the trial judge should have
been recused.

            The judgment is affirmed.

    

            








FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment but does not join the opinion of the Court. 
A separate opinion will not issue.)

Affirmed 

Opinion delivered and
filed June 18, 2008

[CV06]

 









[1]               Treis also contends that the trial
judge failed to comply with 5 U.S.C. § 3331, which requires individuals elected
or appointed to “an office of honor or profit in the civil service or uniformed
services” to take an oath of office.  5 U.S.C.S. § 3331 (LexisNexis 1994). 
However, this section applies to federal employees.  See 5 U.S.C.S. § 2101(1) (LexisNexis 1994) (“‘civil service’ consists of all appointive
positions in the executive, judicial, and legislative branches of the Government
of the United States”).

 





[2]               We note also that
these documents are not part of the appellate record and may not be considered. 
See Nguyen v. Intertex, Inc., 93 S.W.3d 288, 292-93 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).

 





[3]               On appeal, Treis also
complains that the trial judge should have recused himself because he: (1)
ruled against mediation and refused to answer Treis’s questions during voir
dire; and (2) he has “ties” with the father of Treis’s trial counsel.  Because
these allegations are raised for the first time on appeal, we will not address
them.  See Paul
v. Merrill Lynch Trust Co., 183 S.W.3d 805, 812 n.11 (Tex. App.—Waco 2005, no pet.) (“A claim, issue, or allegation may
not be raised for the first
time on appeal”); see also Gulf Maritime Warehouse Co. v.
Towers, 858
S.W.2d 556, 559 (Tex. App.—Beaumont 1993, writ denied) (“recusal may be waived if not
raised by proper motion”).