**Ryan Jusup SIMON, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14-16-00138-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 1, 2017

Franklin Gordon Bynum, Houston, TX, for Appellant.

Clinton Morgan, Houston, TX, for State.

Panel consists of Justices Jamison, Donovan, and Jewell.

## OPINION

Martha Hill Jamison, Justice

Appellant Ryan Jusup Simon appeals his conviction for capital murder. After a jury found appellant guilty, the trial court sentenced him to life in prison without the possibility of parole. In a single issue, appellant complains that the record does not reflect that the senior district judge sitting by assignment took the required oaths of office. Because we presume the regularity of such assignments and the record does not reflect that the trial judge failed to take the required oaths, we affirm.

## Discussion

■ The parties are well acquainted with the facts of this case, and they need not be recounted here for purposes of our analysis. Senior District Judge Michael Wilkinson, sitting by assignment, presided over appellant's trial. As indicated above, appellant asserts that his conviction should be reversed and remanded for a new trial because the record does not reflect whether Judge Wilkinson took the required oaths of office. *See* Tex. Const. art. XVI, § 1 (providing oaths of office for all elected and appointed officers). Appellant did not raise this issue at trial; however, a challenge to a trial judge's qualifications may be raised for the first time on appeal. *Wilson v. State*, 977 S.W.2d 379, 380 n.3 (Tex. Crim. App. 1998).

■ Appellant cites *Prieto Bail Bonds v. State*, for the proposition that retired senior judges must take the oaths required of appointed officers under the Texas Constitution. 994 S.W.2d 316, 320-21 (Tex. App.—El Paso 1999, pet. ref'd); *see also Eureste v. Comm'n for Lawyer Discipline*, 76 S.W.3d 184, 193-94 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (discussing *Prieto*). However, even assuming the validity of this argument, appellant cites no place in the record demonstrating that Judge Wilkinson failed to take the oaths of office. An appellate court generally indulges every presumption in favor of the regularity of the trial court proceedings. *See Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (citing *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975)). "The presumption of regularity is a judicial construct that requires a reviewing court, 'absent evidence of impropriety,' to indulge every presumption in favor of the regularity of the trial court's judgment." *Id.* (quoting *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000)).

The presumption applies to an appellate challenge to a senior district judge based on the alleged failure to take the constitutionally required oaths. *See id.* Therefore, "an appellant who makes such a challenge must make a prima facie showing that the trial judge did not take the required oaths before we will consider the issue on the merits." *Id.*[1] As stated, appellant does not cite to any proof in the record that Judge Wilkinson failed to take the required oaths. Merely alleging a failure to take oaths is not sufficient to overcome the presumption of regularity. *See id.*; *see also Smith v. State*, No. 01-15-01055-CR, 2017 WL 929544, at *1 (Tex. App.—Houston [1st Dist.] Mar. 9, 2017, no pet.) (mem. op., not designated for publication).

Appellant argues that the presumption of regularity does not apply to the lack of a visiting judge's oath of office, citing *Herrod v. State*, 650 S.W.2d 814 (Tex. Crim. App. 1983). We agree with our sister court, however, that *Herrod* does not apply when a retired district judge sits in a district court, such as here. *See Smith*, 2017 WL 929544, at *1. The Court of Criminal Appeals observed in *Herrod* that relevant statutes in effect at the time required retired district judges to satisfy special statutory requirements in order to sit as visiting judges in county criminal courts in Dallas County. 650 S.W.2d at 817-18 (outlining the requirements in the statute, including execution of a bond). The Court specifically noted, however, that the analysis would be different for retired district judges sitting in *district* courts because an eligible retired district judge is "still a district judge." *See id.* at 817. (citing Article V, § 11 of the Texas Constitution: "District Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law."). Because the trial judge in this case was a retired district judge sitting in a district court, this different analysis recognized in *Herrod* applies here, and thus its holding does not. *See id.*

Finding no merit in appellant's contentions on appeal, we overrule his sole issue and affirm the trial court's judgment.

---

1. Several courts of appeals have directly followed *Murphy* in unpublished opinions. *See, e.g.*, *Smith v. State*, No. 01-15-01055-CR, 2017 WL 929544, at *1-2 (Tex. App.—Houston [1st Dist.] March 9, 2017, no pet. h.) (mem. op., not designated for publication); *Barnes v. State*, No. 03-13-00434-CR, 2016 WL 3917126, at *7 (Tex. App.—Austin July 13, 2016, pet. ref'd) (mem. op., not designated for publication); *Bolivar v. State*, No. 13-14-00157-CR, 2016 WL 4939384, at *23 (Tex. App.—Corpus Christi Sept. 15, 2016, pet. ref'd) (mem. op., not designated for publication); *Simpson v. State*, No. 05-02-01203-CR, 2004 WL 1232832, at *2-3 (Tex. App.—Dallas June 4, 2004, no pet.) (not designated for publication); *see also Williams v. State*, No. 07-15-00294-CR, 2016 WL 6024348, at *4 (Tex. App.—Amarillo Oct. 13, 2016, no pet.) (mem. op., not designated for publication) (following *Murphy* in a non-oath case); *Sparkman v. Microsoft Corp.*, No. 12-13-00175-CV, 2015 WL 1244538, at *2 (Tex. App.—Tyler Mar. 18, 2015, pet. denied) (mem. op.) (following *Murphy* in a civil case).