

# NUMBER 13-17-00094-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,**                                                              **Appellant,**

**v.**

**SANTOS GARCIA,**                                                                   **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

By one issue, appellant the State of Texas appeals the granting of appellee Santos Garcia's motion to quash the indictment. The State argues that a motion to quash was not the proper vehicle to challenge a prior conviction. In the alternative, the State asserts that Garcia failed to prove that his prior conviction was invalid. We reverse and remand.

## I. BACKGROUND

A Nueces County grand jury indicted Garcia with driving while intoxicated (DWI), third offense, which is a felony of the third degree. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West, Westlaw through 2017 1st C.S.).

Garcia filed a motion to quash the indictment, in which he argued that one of his prior DWI convictions was invalid, citing *Alabama v. Shelton*, 535 U.S. 654 (2002). Specifically, Garcia argued that his 1999 DWI conviction could not be used to enhance his sentence because he did not have the assistance of counsel in that prosecution, and he did not knowingly and voluntarily waive his right to counsel. The trial court agreed and quashed the indictment. The State appeals.[1]

## II. DISCUSSION

### A. Challenge to Validity of Prior Conviction

The State first asserts that a motion to quash an indictment is not a proper means to challenge the validity of a prior conviction. We disagree.

A motion to dismiss the enhancement paragraphs or quash the indictment is a valid method "by which a defendant can challenge a prior conviction." *Ortegon v. State*, 267 S.W.3d 537, 545 (Tex. App.—Amarillo 2008, pet. ref'd) (citing *Egger v. State*, 62 S.W.3d 221, 223 (Tex. App.—San Antonio 2001, no pet.)); *see Rodriguez v. State*, 491 S.W.3d 18, 26 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (considering the merits of a motion to quash which argued that prior convictions were invalid); *see also Moreno v. State*, No. 13-03-504-CR, 2005 WL 2036261, at *2 (Tex. App.—Corpus Christi Aug. 25,

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West, Westlaw through 2017 1st C.S.) (providing State with the right to appeal an order dismissing an indictment).

2

2005, no pet.) (mem. op., not designated for publication). Indeed, some courts have held that a defendant *must* move to quash an indictment that relies on invalid prior convictions or else risk waiving any challenge to the use of those convictions for enhancement purposes. *State v. Vasquez*, 140 S.W.3d 758, 759–60 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Malone v. State*, No. 12-09-00127-CR, 2010 WL 698621, at *2 (Tex. App.—Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication).[2]

The State acknowledges our holding in *Moreno* that a "challenge to such a prior conviction is properly made through a motion to quash." 2005 WL 2036261, at *2. However, the State asks us to overrule *Moreno* as wrongly decided. According to the State, *Moreno* conflicts with authorities which hold that pre-trial proceedings may not be used as "a 'mini-trial' on the sufficiency of the evidence to support an element of the offense." *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005). These authorities hold that motions to quash, like any pre-trial motion, cannot be used to "argue that the prosecution could not prove one of the elements of the crime." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007).

We find these cases distinguishable. In *Woods*, a defendant charged with evading arrest filed a motion to suppress, arguing that the arrest was illegal. *Woods*, 153 S.W.3d at 414. The court of criminal appeals held, sua sponte, that "[b]y asking for the trial judge to suppress the arrest, and the details of his flight and evasion of the detention by Officer Eder, Appellant was in effect asking the trial judge to rule on whether the prosecution had proof of an element of the offense." *Id.* at 415. Later cases have

---

[2] We express no opinion on this holding.

3

recognized that *Woods* is not to be generally applied in any case where a pretrial ruling might undermine the State's case:

> Rather, *Woods* deals with a specific subset of fact-specific, idiosyncratic suppression orders so enmeshed with the merits of the case-in-chief that the suppression question could not be resolved pretrial, either because it would require the trial court to make a finding that evidence underpinning an element of the offense was legally insufficient (*i.e.,* implicitly rule on guilt or innocence), or because it would require the trial court to make a credibility determination that necessarily renders an element of the crime legally insufficient.

*State v. Villegas*, 506 S.W.3d 717, 733 (Tex. App.—El Paso 2016), *pet. dism'd, improvidently granted*, 544 S.W.3d 375 (Tex. Crim. App. 2018). Thus, the rule set out in *Woods* has generally been applied to offenses for which "lawful detention is an element of the charged offense . . . ." *See Gonzalez v. State*, 501 S.W.3d 283, 286 (Tex. App.— Corpus Christi 2016, no pet.); *Pickens v. State*, 159 S.W.3d 272, 274 (Tex. App.— Amarillo 2005, no pet.); *see also James v. State*, No. 04-17-00548-CR, 2018 WL 2121348, at *3 (Tex. App.—San Antonio May 9, 2018, pet. filed) (mem. op., not designated for publication); *Isbell v. State*, No. 02-14-00124-CR, 2017 WL 3526339, at *5 (Tex. App.—Fort Worth Aug. 17, 2017, pet. ref'd) (mem. op. on reh'g, not designated for publication).[3] To wit, the court of criminal appeals itself has described the holding of *Woods* as applying "when the validity of an arrest or detention is an element of the charged offense . . . ." *York v. State*, 342 S.W.3d 528, 544 (Tex. Crim. App. 2011).

---

[3] We decline to follow any contrary authority. *See State v. Adams*, No. 08-14-00088-CR, 2015 WL 9917213, at *2 (Tex. App.—El Paso Jan. 27, 2015, pet. ref'd) (op., not designated for publication) (holding that the trial court could not test the legal validity of a prior conviction within a pretrial motion to quash); *Mauldin v. State*, No. 12-13-00370-CR, 2014 WL 5511404, at *2 (Tex. App.—Tyler Aug. 29, 2014, no pet.) (mem. op., not designated for publication) (similar); *Pullis v. State*, No. 10-13-00135-CR, 2014 WL 31423, at *2 (Tex. App.—Waco Jan. 2, 2014, pet. dism'd) (mem. op., not designated for publication) (similar).

Here, Garcia's motion to quash did not ask the court to predict the sufficiency of the evidence or to try the case in miniature during a preliminary hearing. Just the opposite, Garcia asked the trial court to resolve a discrete legal issue unrelated to the validity of an arrest: the violation of his Sixth Amendment right to counsel. Rather than forbidding a motion to quash, controlling authority recognizes that quashing the charging instrument may, in some cases, be an appropriate remedy for a Sixth Amendment violation. *State v. Terrazas*, 962 S.W.2d 38, 41 (Tex. Crim. App. 1998) (en banc) (citing *State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995) (en banc)) (recognizing that "when a Sixth Amendment violation has occurred", this may provide "constitutional grounds for dismissing a charging instrument").[4] The State's first argument is without merit.

## B.    Sufficiency of Evidence to Prove Invalidity of Prior Conviction

In the alternative, the State asserts that Garcia failed to prove that the prior conviction was invalid. The State contends that the only evidence introduced at the hearing—Garcia's own testimony—is inadequate to prove that he did not knowingly and voluntarily waive his right to counsel in that prosecution. We agree.

Uncounseled convictions cannot be used against a person either to support guilt or enhance punishment for another offense. *Parke v. Raley*, 506 U.S. 20, 27 (1992).

---

[4] Moreover, if the State's argument were accepted, then whenever a pretrial motion is too harsh for the State's case, that motion would be barred, without any statutory or constitutional authority for disrupting the normal mechanics of pretrial motion practice. Under this unwieldy and arbitrary rule, Garcia would also be precluded from moving for suppression, meaning that a potentially invalid and prejudicial conviction would inevitably go before the jury. *See Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005); *see also Burgett v. Texas*, 389 U.S. 109, 115 (1967) ("The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt . . . .'").

Thus, "an uncounseled misdemeanor conviction without jail sentence cannot be used to enhance a penalty so as to convert a subsequent misdemeanor to a felony with a prison term." *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) (en banc).

Garcia submits that the burden should be on the State to prove that his 1999 conviction for DWI was had with the benefit of counsel or that counsel was knowingly and voluntarily waived. Garcia cites no authority for his proposal.

Instead, "the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant" in a collateral attack on a prior conviction.[5] *Parke*, 506 U.S. at 31; *West v. State*, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986) (en banc) (plurality op.); *Sample v. State*, 405 S.W.3d 295, 301–02 (Tex. App.—Fort Worth 2013, pet. ref'd). It is therefore the defendant's burden to prove that he was uncounseled and that he did not competently and intelligently waive his right to counsel. *Disheroon*, 687 S.W.2d at 334; *Garcia v. State*, 909 S.W.2d 563, 566 (Tex. App.—Corpus Christi 1995, pet. ref'd); *see Iowa v. Tovar*, 541 U.S. 77, 92 (2004).[6]

An appellant's testimony, by itself, is generally insufficient to carry this burden on collateral attack. *Disheroon*, 687 S.W.2d at 334. "Appellant must show that he was without counsel by some evidentiary vehicle other than simply his own testimony." *Id.*; *see Egger*, 62 S.W.3d at 225. "Bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are not sufficient to overcome the

---

[5] An appellate court generally indulges every presumption in favor of the regularity of the trial court proceedings. *Simon v. State*, 525 S.W.3d 798, 799 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the trial court's judgment. *Id.*

[6] This burden is consistent with the rules that apply to motions to quash in general. *See Rodriguez v. State*, 491 S.W.3d 18, 26 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) ("The defendant bears the burden of proof on a motion to quash . . . .").

6

presumption of regularity of the records before the court in the case." *Disheroon*, 687 S.W.2d at 334; *James v. State*, 997 S.W.2d 898, 902 (Tex. App.—Beaumont 1999, no pet.). To hold otherwise would allow the mere assertions of a defendant to invalidate convictions obtained many years ago. *Disheroon*, 687 S.W.2d at 334.

At the hearing, the sole evidence was Garcia's testimony. According to Garcia, he was convicted of DWI in Bexar County in 1999, but he did not receive advice from an attorney. Garcia explained that he simply signed a plea agreement acting pro se, and neither the prosecutor nor the judge advised him that he had a right to seek representation of defense counsel.

Garcia's testimony, standing alone, is insufficient to carry his burden on collateral attack. *See id.* Accordingly, we must conclude that the trial court erred in quashing the indictment.

We sustain the State's sole issue.

### III.  CONCLUSION

We reverse the judgment of the trial court and remand the matter to the trial court for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2018.