# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00537-CV

---

**Frederick-Omoyuma Silver, Appellant**

**v.**

**State of Texas; Texas Department of Transportation; Officer R. Perez, Jr.;
Officer C. Ortiz; Officer E.G. San Miguel; Officers John Doe 1-5;
Alanis Wrecker Service Inc.; Alejandro L. Alanis; Ur VMS Vehicle Storage Facility; and
Mission Wrecker Service, S.A., Inc., Appellees**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-002235, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Raising three issues, Frederick-Omoyuma Silver, acting pro se, appeals from the trial court's interlocutory order that declares him a vexatious litigant and prohibits him "from filing, *in propria persona*, any new litigation" in a court in this State without first obtaining permission from a local administrative judge. *See* Tex. Civ. Prac. & Rem. Code § 11.101 (generally authorizing court to enter order prohibiting "person from filing, pro se, a new litigation" without permission from local administrative judge when court, after notice and hearing, finds that person is "vexatious litigant" and authorizing appeal from prefiling order); *Nunu v. Risk*, 567 S.W.3d 462, 466–67 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (agreeing with other appellate courts that there is right to interlocutory appeal from order

prohibiting person who is acting pro se and declared vexatious litigant from filing new litigation).

In his three issues, Silver argues that the trial judge violated subsections 1(a) and (b) of article XVI of the Texas Constitution, the trial judge erred when he found Silver to be a vexatious litigant, and the trial judge erred when he issued an order that he did not have authority to issue as a judge. *See* Tex. Const. art. XVI, § 1(a), (b) (requiring elected and appointed officers to take oaths and subscribe to statement). Silver's issues do not challenge the substance of the trial court's challenged order that declares him a vexatious litigant and prohibits him from filing, pro se, any new litigation in this State without permission. His issues are directed to the trial judge's authority to act as a district judge.

Silver asserts that the trial judge is "not a valid Judge in the State of Texas" and "does not have an Oath of office as required by the State of Texas constitution." Silver, however, has not cited evidence in the record that would support his contention that the trial judge failed to take the necessary oaths to act as a district judge. *See Thomas v. Burkhalter*, 90 S.W.3d 425, 426–27 (Tex. App.—Amarillo 2002, pet. denied) (affirming judgment and overruling contention that trial judge failed to take constitutionally required oaths where "no evidence of record" to support contention). Further, appellate courts "indulge in every presumption in favor of the regularity of the proceedings and documents in the trial court" and the "burden is on the party challenging the proceeding to overcome this presumption." *Drake v. Travelers Indem. Co.*, No. 05-13-01520-CV, 2015 Tex. App. LEXIS 4729, at *3 (Tex. App.— Dallas May 8, 2015, pet. denied) (mem. op.) (citing *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 444 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

2

Because there is no evidence in the record to support Silver's contention that the trial judge acted without authority and his issues are based on this contention, we overrule Silver's issues. *See id.*; *Thomas*, 90 S.W.3d at 426–27. Having overruled his issues, we affirm the trial court's order that declares Silver a vexatious litigant and prohibits him from filing, pro se, any new litigation in a court of this State without first obtaining permission from a local administrative judge.[1] *See* Tex. Civil Prac. & Rem. Code § 11.102 (setting forth procedure for obtaining permission by local administrative judge).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: February 14, 2020

---

[1] Also pending before this Court is Silver's motion related to the form that a party must file when challenging the constitutionality of a state statute. *See* Tex. Gov't Code § 402.010 (addressing form that party must file with court when challenging constitutionality of state statute). In the motion, Silver seeks a declaratory judgment and permanent injunctive relief from this Court, asking this Court to declare article 45.024 of the Texas Code of Criminal Procedure unconstitutional. *See* Tex. Code Crim. Proc. art. 45.024 (stating that justice or judge shall enter plea of not guilty if defendant refuses to plead). Courts do not have jurisdiction to issue advisory opinions. *See* Tex. Const. art. II, § 1; *Heckman v. Williamson County*, 369 S.W.3d 137, 147 (Tex. 2012); *Valley Baptist Med. Ctr. v. Gonzales*, 33 S.W.3d 821, 822 (Tex. 2000). Thus, we dismiss Silver's motion.