**Affirmed and Memorandum Opinion filed February 9, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00242-CV

---

## MICHAEL A. MCCANN, Appellant

### V.

## SPENCER PLANTATION INVESTMENTS LTD, Appellee

---

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 96820-CV**

---

### MEMORANDUM OPINION

Appellant, Michael McCann, appeals the trial court's final judgment dismissing his case without prejudice for failing to post a bond as well as finding him a "vexatious litigant" pursuant to section 11.054(2) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 11.054(2). In three issues he contends that this court should reverse the decision of the trial court.[1] We affirm.

---

[1] Appellant states that he brings three issues on appeal, but within his brief raises another issue that we address herein.

In his first issue, appellant contends that the trial court's "finding of fact" is clearly erroneous because there is "no evidence" that appellant filed five lawsuits within the past seven years. In his second issue, appellant contends that there was no "proper" evidence before the trial court for it to determine whether appellant was a vexatious litigant. Appellant also argues that the trial court's orders were void because the judge failed to take or file constitutional oaths of office. In his third issue, appellant contends that when his constitutional right to access the court is at risk, he is entitled to a jury determination of whether he is a vexatious litigant under the statute.

## I. VEXATIOUS LITIGANT DECLARATION

### A. General Legal Principles

We review a trial court's declaration of a vexatious litigant for an abuse of discretion. *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We "cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court's findings under section 11.054 are reviewed for legal and factual sufficiency. *See Willms v. Ames. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). "In reviewing a legal sufficiency challenge, the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding." *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2006, pet. denied). "In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong or manifestly unjust." *Id.*

Without a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion. *Willms*, 190 S.W.3d at 803; *see also Michiana*

*Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005) ("If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error."). "When an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order." *Willms*, 190 S.W.3d at 803.

In enacting Chapter 11 of the Civil Practice and Remedies Code, the legislature struck a balance between the right to access courts and the public interest in protecting defendants from those who abuse the civil justice system. *Leonard*, 171 S.W.3d at 455. On or before the ninetieth day after the defendant files the original answer, the defendant may move the trial court for an order declaring the plaintiff a vexatious litigant and requiring the plaintiff to furnish security before further pursuing the lawsuit. *See* Tex. Civ. Prac. & Rem. Code § 11.051. Pursuant to section 11.054, the trial court may declare a plaintiff a vexatious litigant if:

> [T]he defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
>> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
>>
>>> (A) finally determined adversely to the plaintiff;
>>>
>>> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
>>>
>>> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem. Code § 11.054. "Texas's vexatious litigation statute permits a court to designate a plaintiff a vexatious litigant if the defendant proves that (1) in reasonable probability, the plaintiff will not prevail in the case against the defendant and (2) the plaintiff has a history of pro se litigation covered by the statute. *In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019). The defendant must prove one of three possible grounds before a trial court can declare a plaintiff a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.054; *Douglas*, 196 S.W.3d at 881.

## B. Background

Appellant filed the original petition in this case in May 2018, asserting that appellee had converted two tracts of real property belonging to appellant. Appellant further demanded that the trial court vacate appellee's quitclaim deed from the Brazoria County real property records. Appellee filed its answer asserting the affirmative defense of res judicata, arguing that appellant had previously brought claims to adjudicate the title to the same two parcels of real property in Brazoria County in a case filed in December 2014. The prior case and its appeals

4

concluded in favor of appellee.  With its original answer appellee moved to declare appellant a vexatious litigant under section 11.054(2) of the Civil Practice and Remedies Code.

Appellee's motion to determine appellant a vexatious litigant was heard by the trial court in June 2018.  The trial court rendered an order finding plaintiff a vexatious litigant pursuant to section 11.054(2) of the Civil Practice and Remedies Code.  According to the order, appellee appeared to prosecute its motion and appellant, although "served notice of [the] hearing," did not appear.  The order further recited that the trial court "heard argument of counsel and considered evidence proffered by [appellee]."[2]  The order stayed the litigation until appellant posted security in the amount of $50,000.  The order gave appellant thirty-days to comply.

Appellant appealed the interlocutory order and the appeal was dismissed for want of jurisdiction.  *See McCann v. Spencer Plantation Invs., Ltd.*, No. 14-18-00613-CV, 2018 WL 5261052 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, pet. denied) (mem. op.) (per curiam).[3]  After this court dismissed the appeal, in

---

[2] Appellee states in its brief that the trial court conducted an evidentiary hearing on appellee's motion to declare appellant a vexatious litigant.  Appellant asserts no hearing occurred, but also states that he did not attend the hearing because he believed it was stayed by his bankruptcy filing.  The reporter's record for this hearing is not part of the record on appeal.

[3] Appellant asks this court to take judicial notice of the prior record in the interlocutory appeal in this case.  An appellate court may take judicial notice of adjudicative facts in its own files that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex. R. Evid. 201(b), (c); *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994) (per curiam). We take judicial notice of the materials included in the clerk's record in the first appeal, but only for its existence, not for its truth. *Compare In re C.S.*, 208 S.W.3d 77, 82 (Tex. App.—Fort Worth 2006, pet. denied) ("It is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of the hearing."), *with Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[Courts] may not take judicial notice of the truth of factual statements and allegations contained in the pleadings,

January 2019 appellee moved to dismiss the litigation because appellant had not posted the bond required under the vexatious litigant order. The trial court conducted a hearing on appellee's motion to dismiss in February 2019 and concluded that the litigation should be dismissed because appellant failed to post the security required to continue the litigation.[4] The final judgment incorporated the findings of the prior order declaring appellant a vexatious litigant, reaffirmed those findings, and dismissed the cause without prejudice. Appellant filed this appeal contending the trial court erred in declaring him a vexatious litigant.

## C. Analysis

Appellant first argues that the trial court had "no evidence" before it that appellant met the elements to be declared a vexatious litigant because only the attorneys for appellee were present and "attorneys cannot give testimony," the trial court never "heard" from appellee itself, all the evidence submitted was "hearsay," and no hearing under section 11.055 was conducted because the trial court "had no written or oral evidence; and evidence was not presented by witnesses or by affidavit."

The record shows that the trial court conducted an evidentiary hearing pursuant to section 11.055 of the Civil Practice and Remedies Code in June 2018. The notations from the court reporter indicate that the trial court received at least three documents in evidence at the hearing. Appellee argues that in "the absence of a court reporter's record of the evidence adduced by [appellee] at that hearing . . . this Court should presume that the omitted portions [o]f the evidentiary record on appeal, support the trial court's judgment." *See Holten*, 168 S.W.3d at

---

affidavits, or other documents in the file.").

[4] At the hearing on appellee's motion to dismiss, appellant handed the trial court a plea to the jurisdiction for consideration and for filing. The trial court indicated that it would take appellant's plea under advisement along with appellee's motion to dismiss.

782. We agree. Because appellant has failed to bring forth a record of that hearing, appellant cannot establish harmful error. It is not clear what evidence was presented and considered by the trial court in declaring appellant a vexatious litigant. However, in the absence of a record we must presume that evidence presented was sufficient to support the trial court's order. *See Willms*, 190 S.W.3d at 803. We overrule appellant's first issue.

Appellant next contends that he could not possibly be declared a vexatious litigant because there was no evidence that he pursued "at least five litigations as a pro se litigant" citing to section 11.054(1). "The major disputed material fact in the case was that the attorneys didn't prove the claim because there were not five cases on which to assert their claim." Because appellant has failed to bring forth a full record, we presume that the evidence presented was sufficient to support the trial court's order. *See id*. Alternatively, because appellant has failed to challenge the basis for the determination of the declaration contained in the trial court's order, he has failed to challenge all independent grounds that support the trial court's judgment. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381–82 (Tex. 1993) (regarding summary judgment, court of appeals limited to considering grounds specified by trial court); *Miller v. Debo Homes, LLC*, No. 14-15-00004-CV, 2016 WL 5399507, at *3 (Tex. App.—Houston [14th Dist.] Sept. 27, 2016, pet. denied) (mem. op.) (court of appeals must affirm when appellant challenges some but not all bases for judgment based on jury's verdict). Here, the trial court specified in the order that it made its declaration based on section 11.054(2) and not section 11.054(1) as appellant contends. We overrule appellant's second issue.

## II.    JUDICIAL OATHS

Appellant further asserts that the "judge in the case had no cloak of authority" because "he failed to file the . . . mandatorily required oath and

statement on file with the Texas Secretary of State and therefore . . . his orders are void." Appellant urges this court to look at the appendix to his brief for the evidence that the trial court judge was not properly vested with authority. Appellant contends that his appendix contains exhibits to his plea to the jurisdiction that should have been included in the clerk's record but were not. Upon request for the exhibits to his plea to the jurisdiction, the clerk responded to indicate that it has no exhibits of record with the plea to the jurisdiction filed by appellant. Even assuming that the document attached to appellant's brief was filed with the trial court, the document was not authenticated and contained numerous irregularities.

"[I]t has long been a 'cardinal rule' of appellate procedure in Texas that we 'must indulge *every* presumption in favor of the regularity of the proceedings and documents' in the trial court." *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (quoting *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975)); *see Simon v. State*, 525 S.W.3d 798, 799–800 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Appellant has the burden of presenting evidence of impropriety to overcome the presumption of regularity of the trial court's judgment and proceedings. *Macias v. State*, 539 S.W.3d 410, 420 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 444 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). "Merely alleging a failure to take oaths is not sufficient to overcome the presumption of regularity." *Simon*, 525 S.W.3d at 800.

Because appellant has pointed to no evidence in the record that the trial judge did not take the constitutional oaths of office, we hold that appellant has not overcome the presumption of regularity of the trial court's judgment and proceedings. *See Macias*, 539 S.W.3d at 421; *Simon*, 525 S.W.3d at 800 (stating

that defendant did not cite to any proof in record that visiting judge did not take required oaths of office and that mere allegation of failure to take oaths was insufficient to overcome presumption of regularity); *Countrywide Home Loans*, 199 S.W.3d at 444 (letter from Texas Secretary of State was insufficient to overcome presumption of regularity without more); *Murphy*, 95 S.W.3d at 320 n.3 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (letter attached to motion for rehearing from Texas Secretary of State showing failure to file required oath is not proof of failure to take the constitutionally required oaths and letter was not part of the record); *see also In re Tasby*, 120 S.W.3d 443, 445 (Tex. App.—Texarkana 2003, no pet.) ("Failing to file an oath of office does not, alone, deprive the judge of the authority to act."). We overrule this issue.

## III. RIGHT TO JURY

Lastly, appellant argues that he is entitled to a jury determination when a deprivation of his right to access the court is at stake. However, appellant also acknowledges that "Texas Courts have opined that a loss hasn't occurred when one assumes the yoke of vexatious litigant because by asking permission of a judge to file a suit, one still retains access to the courts."

"The purpose of the [vexatious litigant] statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants." *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Appellant has not shown that the restrictions in the vexatious litigant statute are unreasonable or arbitrary when balanced against the purpose and basis for the

9

statute. *See id.* Here, appellant merely has to seek permission from the local administrative judge before filing. *See* Tex. Civ. Prac. & Rem. Code § 11.102. Even assuming that appellant's assertion that he is entitled to a jury determination when a deprivation of his right to access courts is at stake, appellant has not shown that he has been deprived of access to the courts. We overrule appellant's third issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

/s/    Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Zimmerer.